**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CEDA MILLS, INC.,                              )
                Appellant.            )          2:09-cv-181

## <u>MEMORANDUM OPINION AND ORDER OF COURT</u>

Pending before the Court is an appeal from the order of the Bankruptcy Court dated December 19, 2008, filed by Debtor/Appellant Ceda Mills, Inc. ("Ceda Mills"). Ceda Mills filed a comprehensive brief in support of its position (Document No. 10), and the appeal is ripe for decision.

The parties are familiar with the general background of this case, and it need not be detailed extensively here. The order from which Appellant now seeks an appeal is actually the third in a series of three orders beginning with the underlying decision of the Bankruptcy Court by order dated September 19, 2008. The chronology of Appellant's attempts to obtain relief is as follows. In the September 19, 2008 Order the Bankruptcy Court determined the following:

a) various claim settlements effectuated by Appellant with creditors were tainted with inequity, having been made by Appellant with the benefit of non-public information;

b) in light of the fact that hundreds of thousands of dollars of payments to, and for the benefit of Appellant's principal and his relatives were unauthorized and improper because no such person had any valid claim allowed against the Appellant, coupled with the fact that Appellant's financial reporting, to that point, had been woefully inadequate and inaccurate, the Court ordered Appellant to account for all receipt and disbursements;

c) in light of the fact this case was one of a liquidating Chapter 11 that has resulted in enough funds to pay creditors in full and to pay a sizable distribution to equity holders, coupled

with the fact that Appellant had been paying its principal and his relatives without remitting any distributions to minority shareholders, the Court ordered Appellant to provide shareholders and the Court itself with a full accounting and to further provide an opportunity for the minority shareholders to be paid their ratable share of the surplus funds recovered.

*See* Sept. 19, 2008, Order of Bankruptcy Court, Doc. # 260 at Bankruptcy No. 04-24452-JAD, *also attached to Appellant's Appeal to District Court at* Doc. # 1-14.

Instead of appealing that Order, on September 29, 2008, Appellant opted to move for modification/reconsideration.  In particular, Appellant lodged six challenges to the September 19, 2008 Order exclusively related to the proposed Notice to Shareholders.  *See* "Motion of the Debtor, Ceda Mills, Inc., to Modify Order and Notices Dated September 19, 2008, or, in the Alternative, Motion to Reconsider Order and Notices dated September 19, 2009", Doc. # 362 at Bankruptcy No. 04-24452-JAD; *also attached to Appellant's Appeal to District Court* at Doc. # 1-15.  A hearing was conducted on October 21, 2008, to consider Appellant's motion to modify order/motion for reconsideration.  On November 14, 2008, the Bankruptcy Court entered a Memorandum Opinion and Order which denied said motion.

On November 25, 2008, the Bankruptcy Court granted Appellant's motion for an extension of time to December 15, 2008 to appeal the November 14, 2008 order.  *See* Nov. 25, 2008, Order Granting Motion for Extension of Time, Doc. # 373 at Bankruptcy No. 04-24452-JAD, *also attached to Appellant's Appeal to District Court at* Doc. # 1-20.  Once again, Appellant chose not to file an appeal, but rather filed a motion for appropriate relief under Fed.R.Civ.P. 60(b) from the November 14, 2008 Memorandum Opinion and Order, arguing that the actions it took subsequent to the November 14, 2008 Order satisfied Appellant's obligations

2

to account to the shareholders.  *See* Dec. 15, 2008, Motion for Appropriate Relief, Doc. # 380 at Bankruptcy No. 04-24452-JAD, *also attached to Appellant's Appeal to District Court at* Doc. # 1-21.  By Order of December 19, 2008, the Bankruptcy Court denied Appellant's motion for appropriate relief as without merit.

On December 29, 2008, Appellant moved for reconsideration of the December 19, 2008, order advancing substantially similar arguments as raised in its December 15, 2008 motion for appropriate relief, essentially that Appellant had complied with the original September 19, 2008, order.  On December 31, 2009, the Bankruptcy Court denied Appellant's motion to reconsider the December 19, 2008 Order.

On January 9, 2009, Appellant filed a notice of appeal, styled as an appeal from the December 19, 2008, order.  In effect, however, this appeal is nothing more than an appeal of the September 19, 2008 Order of the Bankruptcy Court whereby Appellant seeks to avoid a full accounting to shareholders and to the Court as prescribed by the Court.  After three extensions to file its brief on appeal, Appellant has raised arguments identical to those in the first motion for reconsideration (filed on September 29, 2008).  For the reasons that follow, Appellant's appeal will be dismissed as untimely.

This appeal requires a review of the sequence, nature, and timing of Appellant's various filings and the Bankruptcy Court's orders, as "[t]he failure to file a timely notice of appeal [from a Bankruptcy Court order] creates a jurisdictional defect barring appellate review."  Shareholders v. Sound Radio, Inc. 109 F.3d 873, 879 (3d Cir. 1997).

By opting to pursue relief in the manner in which it has, Appellant now finds itself with an untimely appeal.  To be timely, a notice of appeal from a Bankruptcy Court order must be

filed no later than 10 days after the order is entered.  Fed.R.Bankr.P. 8002(a).  However, filing a motion to amend or alter judgment under Fed.R.Civ. P. 59 or Fed.R.Civ.P. 60 re-starts the 10-day clock: the 10-day period begins to run from the denial of the motion to amend or alter judgment.  *See* Fed.R.Bank. P. 8002(b)(2).  A motion for reconsideration is generally treated as arising under Fed.R.Civ.P. 59 for the purpose of tolling the time limit in which a party must appeal.  Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984); Kelly v. Pennsylvania Railroad Co., 228 F.2d 727, 730 (3d Cir. 1955); *accord* American Secuirty Bank v. John Y. Hardison, Inc., 670 F.2d 317 (D.C.Cir. 1982).

Appellant's first motion for reconsideration was denied on November 14, 2008.  As such, the 10 day time limit in which Appellant was required to file its appeal restarted on that date.  On November 25, 2008, Appellant was granted an extension until December 15, 2008 to file a notice of appeal, which Appellant did not do until January 9, 2009.  Had Appellant appealed on December 15, 2008, such an appeal would have been timely.  Obviously, in order for the January 9, 2009, notice of appeal to be considered timely would have required some additional tolling of the time limit set by Fed.R.Bank.P. 8002.

On December 15, 2008, Appellant filed a motion for relief under Fed.R.Civ.P. 60(b), which was denied on December 19, 2008.  If this motion had the effect of once again tolling the 10 day time limit in which to file a notice of appeal, the 10 day time limit would have restarted on December 19, 2008.  On the other hand, if this motion did not effectively toll the 10 day time limit, December 15, 2008 was the last day on which Appellant could have timely filed a notice of appeal, which obviously was not done.

Although the determination of whether the Rule 60(b) motion effectively tolled the time

4

limit to appeal does not change the Court's ultimate determination that Appellant did not file a timely notice of appeal.  In the interest of complete analysis of this practice by counsel to endeavor to extend the time limit in which to file a notice of appeal by filing serial motions for appropriate relief and/or reconsideration, the Court will address the issue beginning with the Federal Rules of Appellate Procedure.  Under Fed.R.App.P. 4(a), if a party were to file either a motion for a new trial under Fed.R.Civ.P. 59 or a motion for relief under Fed.R.Civ.P. 60, the time to file an appeal commences upon the entry of the order which disposed of the motion, which is consistent with Fed.R.Bank.P. 8002.  However, the Court of Appeals for the Third Circuit has held that such a rule has a limit in terms of serial motions which seek somewhat similar forms of relief.  Turner, 726 F.2d at 114.   In sum, a party's motion to reconsider the denial of a previous motion identified in Fed.R.App.P. 4(a), which for the purpose of the appeal *sub judice* includes both motions for reconsideration and motions for relief under Fed.R.Civ.P. 60, does not restart the time limit in which to file an appeal.  *Id.*  ("But, as here, [where] a motion styled as one for reconsideration is made by the same party that *lost* an earlier motion covered by Rule 4(a)(4) and the factual and legal issues surrounding the earlier motion and the current motion are roughly similar, we see no good reason to allow such motions to either postpone the time for appeal or to destroy appeals filed during their pendency.")(emphasis original).  In a very recent non-precedential decision, the Third Circuit specifically extended this limitation to bankruptcy appeals.  *See*, In re: Taylor, No. 07-3506, 2009 WL 2768985 (3d Cir. Sept. 2, 2009).

In determining whether two motions are roughly similar in this context, one must focus on the function of the motion, not its caption.  Turner, 726 F.2d at 114.  As such, a comparison between the September 29, 2008, motion for reconsideration and the December 15, 2008 motion

for appropriate relief under Rule 60(b) is appropriate in order to determine whether the factual and legal issues therein are roughly similar.  The purpose of each motion was the same, specifically to challenge the September 19, 2008 Order for an accounting to both the Bankruptcy Court and to minority shareholders.  As outlined in that Order, and reiterated in greater detail in the November 14, 2008 Memorandum Opinion and Order which denied the motion for reconsideration, the purpose of the notification requirement to shareholders stemmed from that which the Bankruptcy Court determined to be inaccurate, incomplete, and misleading financial reporting by Appellant.  Among other deficiencies, the Bankruptcy Court noted that financial reports submitted by Appellant were "illegible", "difficult to read", "virtually all of them are hand-written", they "omit a number of items that should have been reported ... for example, both [the specific amount] received as a result of the October 31, 2006 settlement and the extensive payments by Ceda Mills to the insiders of the debtor appear to be omitted and/or under reported", and "income in the Statement of Operations is ... under reported" by a significantly large amount. The Bankruptcy Court made a specific finding that "Ceda Mills' inaccurate and incomplete financial reporting undermines the integrity of the bankruptcy process."  Nov. 14, 2008 Order at p. 47.  As such, the Bankruptcy Court ordered Appellant to accurately account to both shareholders and the court for its receipts and disbursements, and further required that the accounting be made by way of a Motion for Approval and Account.  This was so ordered because the actions of the Appellant up to and including the date of the November 14, 2008 order, demonstrated to the Bankruptcy Court that Appellant was not interested in "ensuring that minority equity holders receive the payments properly due them on account of the liquidation of Ceda Mills."  *Id.* at p. 49.  It appears to the Court that no such accounting has occurred to date.

For the purpose of this analysis, the Court finds that the factual and legal issues advanced in both motions are roughly similar.  The facts have been consistent throughout this process, namely, the condition of Appellant's finances, the liquidating nature of the company, the deficient financial reporting, and Appellant's obligation to make an accounting to both the shareholders and the Bankruptcy Court in the manner prescribed by the Bankruptcy Court. Further,  Appellant's two motions are both attempts to accomplish the same purpose, to wit, to avoid compliance with the September 19, 2008 order to properly account for finances, which Appellant is engaging in fanciful efforts to avoid.  As such, the Court considers the December 15, 2008 motion for appropriate relief to be nothing more than a motion for "re-reconsideration" of its September 29, 2008 motion for reconsideration, and, further, concludes that the December 15, 2008 motion did not toll the time limit in which Appellant was required to file a notice of appeal. Given the fact that Appellant did not file its notice of appeal until January 9, 2009, said appeal was untimely and this Court is without jurisdiction to adjudicate same.

Even assuming, *arguendo*, that the December 15, 2008 motion for appropriate relief did toll the 10 day time limit until the date it was denied (December 19, 2008), Appellant's appeal nevertheless was untimely.  For the same reasons noted above, and consistent with the Third Circuit decisions in Kelly, Turner and Taylor, Appellant's December 29, 2008 motion for reconsideration was at least the second proverbial bite of the apple, to use the metaphor employed in Turner, and, therefore, did not toll the time limit in which to appeal.  Such serial attempts to obtain the same relief do not afford the movant with the protection of a renewed time period in which to appeal.  Accordingly, Appellant's January 9, 2009 notice of appeal was untimely, and this Court lacks jurisdiction to consider it.

7

NOW THEREFORE, the Court finds that Appellant's December 29, 2008 motion for reconsideration, did not re-start the 10-day appeal filing period.  Thus, Appellant's notice of appeal filed on January 9, 2009, was untimely, and, as a result, this Court lacks jurisdiction to consider it, and Appellant's appeal is **DISMISSED**.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:     Elsie R. Lampl, Esquire
        Email: elampl@lampllaw.com
        John P. Lacher, Esquire
        Email: rol@lampllaw.com
        Robert O. Lampl, Esquire
        Email: rol@lampllaw.com